IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

VINCENT SCHNEIDER,

        Plaintiff,

v.                                             CIVIL ACTION NO. 3:20-0206

DODSON BROTHERS
EXTERMINATING CO., INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Dodson Brothers Exterminating Company, Inc.'s Motion to Dismiss Count Two of the Complaint, ECF No. 5. Because Count Two fails to state a plausible claim, the Court **GRANTS** the Motion.

**I. BACKGROUND**

Plaintiff Vincent Schneider alleges the following facts. Schneider began working for Dodson Brothers in a sales position in 2016. ECF No. 1-1 ¶ 5. He met the employer's expectations and received no written warnings about his performance. *Id.* ¶ 7. In late January 2020, Schneider sought medical treatment and was unable to work for several days. *Id.* ¶¶ 8–10. He was diagnosed with diabetes, and he informed his employer. *Id.* ¶¶ 11–12.

Two days after Schneider returned to work, Dodson Brothers told him he "didn't have what it would take" to stay in sales, so the company made him a route pest control technician instead. *Id.* ¶¶ 14–16. This position paid Schneider substantially less and required a more demanding schedule, which made taking lunch breaks difficult. *Id.* ¶¶ 17, 21. Dodson Brothers also refused to

allow Schneider to take fifteen-minute breaks. *Id.* ¶ 23. Schneider complained to Dodson Brothers that he was removed from his sales position because of his diabetes diagnosis and hospital stay. *Id.* ¶ 18. However, Dodson Brothers refused to reconsider the transfer and told Schneider he would be terminated if he did not meet his new position's requirements. *Id.* ¶¶ 19–20. Schneider's transfer caused his blood sugar level to fall below recommended limits and exacerbated his diabetes. *Id.* ¶ 22. As a result of these events, Schneider filed suit against Dodson Brothers for disability discrimination under the West Virginia Human Rights Act and for the tort of outrage (also called intentional infliction of emotional distress). *Id.* ¶¶ 25–40. Dodson Brothers now moves to dismiss the tort of outrage claim under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The facts contained in the statement need not be probable, but the statement must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the plausibility of a plaintiff's claim, the Court must accept all factual allegations in the complaint as true. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

## III. DISCUSSION

To state a claim for the tort of outrage, a plaintiff must plausibly allege:

(1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with

the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Travis v. Alcon Labs., Inc.*, 504 S.E.2d 419, 425 (W.Va. 1998).

The Supreme Court of Appeals of West Virginia has explained that an employment discrimination claim can lead to separate actions for wrongful discharge and the tort of outrage. *Dzinglski v. Weirton Steel Corp.*, 445 S.E.2d 219, 225–26 (W.Va. 1994). A wrongful discharge claim "involve[s] the employment discrimination itself," whereas the tort of outrage "involve[s] the outrageous manner in which the discrimination . . . was implemented," for example, through "frequent public ridicule, incessant verbal abuse, threats and intimidations." *Id.* (citation and internal quotation marks omitted). The Supreme Court of Appeals explained further:

> The prevailing rule in distinguishing a wrongful discharge claim from an outrage claim is this: *when the employee's distress results from the fact of his discharge— e.g., the embarrassment and financial loss stemming from the plaintiff's firing— rather than from any improper conduct on the part of the employer in effecting the discharge, then no claim for intentional infliction of emotional distress can attach.* When, however, the employee's distress results from the outrageous manner by which the employer effected the discharge, the employee may recover under the tort of outrage. In other words, the wrongful discharge action depends solely on the validity of the employer's motivation or reason for the discharge. Therefore, any other conduct that surrounds the dismissal must be weighed to determine whether the employer's manner of effecting the discharge was outrageous.

*Id.* at syl. pt. 2 (emphasis added). Adapting this reasoning to the discriminatory transfer alleged here, Schneider must plausibly show Dodson Brothers acted outrageously in how it carried out the transfer, not simply that a discriminatory transfer occurred. *Id.* He must also plausibly allege his distress resulted from "the outrageous manner" by which Dodson Brothers transferred him. *Id.* Distress resulting from the transfer itself does not support the outrage claim. *Id.*

The Supreme Court of Appeals's decision in *Hosaflook v. Consolidation Coal Company* helps clarify these distinctions. 497 S.E.2d 174 (W.Va. 1997). After being promoted to mine foreman, the plaintiff experienced problems like stumbling, bumping into things, and having trouble completing paperwork. *Id.* at 177. These problems caused him to become one of the lowest ranked salaried employees at the mine. *Id.* Only after receiving his low rank did the plaintiff realize his difficulties arose from a degenerative eye condition that would lead to permanent blindness, and he informed his supervisor. *Id.* Months later, the company terminated him as part of a reduction in force based on his low performance rank. *Id.* The plaintiff asserted the tort of outrage because the company terminated him after sixteen years of employment without investigating whether his known vision loss caused his poor performance. *Id.* at 184. The plaintiff also pointed to the company's callous termination of his disability benefits, which left him unable to support his family. *Id.* The court held the plaintiff asserted a wrongful discharge claim rather than an outrage claim because the plaintiff's claimed distress resulted from the discharge rather than improper conduct in effecting the discharge. *Id.* at 185. The plaintiff did not identify facts suggesting the company's conduct when effecting his discharge was outrageous, such as being "singled out, embarrassed, threatened, verbally abused, ridiculed or humiliated." *Id.* Instead, the plaintiff testified he "was called into an office, was told that he was being discharged, was advised of benefits available to him and nothing more." *Id.*

*Roth v. DeFeliceCare, Inc*. is a useful contrast. 700 S.E.2d 183 (W.Va. 2010). There, the plaintiff's supervisor directed the plaintiff to come to work over the weekend. *Id.* at 187. When the plaintiff arrived, she found her supervisor and a woman engaged in a sexual act. *Id.* The supervisor directed the plaintiff to wait in the conference room while he clothed himself. *Id.* He then ordered the plaintiff to forget about what she saw and threatened her with the loss of her job

and respiratory therapy license. *Id.* The plaintiff did not tell anyone about the incident, but the supervisor fired her anyway about one week later. *Id.* at 188. Based on these allegations, the Supreme Court of Appeals held the plaintiff sufficiently stated a tort of outrage claim. *Id.* at 194–95. The court emphasized that the director placed the plaintiff into unwantedly observing the sexual act by asking her to come into work. *Id.* at 194. Also significant was the supervisor's threat to not only terminate the plaintiff, but to cause the loss of her professional license. *Id.* The plaintiff's emotional distress plausibly resulted from this outrageous conduct, not just the discharge itself. *Id.* at 195.

In light of these cases, the Court finds Schneider did not plausibly allege outrageous conduct. He argues Dodson Brothers' decision to transfer him after learning of his diabetes diagnosis, as well as the company's refusal to reconsider that transfer, was outrageous. ECF No. 8, at 3–4. But this argument misses the crucial distinction: an employment discrimination claim involves the discrimination itself, whereas the tort of outrage involves the outrageous manner in which the discrimination was implemented. *See Dzinglski*, 445 S.E.2d at 225–26. Schneider's transfer and unanswered complaint are indicative of discrimination, but the tort of outrage requires Schneider to show Dodson Brothers acted outrageously in how it handled his transfer. *See id.* Yet, like the plaintiff in *Hosaflook*, Schneider merely alleges his supervisor pulled him into a conversation, where he was told he "didn't have what it would take" to stay in sales. ECF No. 1-1 ¶¶ 14–15; 497 S.E.2d at 185. He does not allege he was "singled out, embarrassed, threatened, verbally abused, ridiculed or humiliated" beyond what an employee would typically experience during a demotion. *Dzinglski*, 497 S.E.2d at 185. Schneider does allege Dodson Brothers told him he would be terminated if he did not meet his new job requirements. ECF No. 1-1 ¶¶ 19–20. But this warning to maintain a certain performance level does not come close to the kind of threat in

*Roth* against one's job and professional license based on concealing a supervisor's inappropriate conduct. 700 S.E.2d at 194. The Court therefore concludes Schneider failed to state a tort of outrage claim.

### III. CONCLUSION

For these reasons, the Court **GRANTS** Dodson Brothers' Motion to Dismiss Count Two of the Complaint, ECF No. 5. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:    April 29, 2020

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE